IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

TONY JACKSON,

                      Plaintiff

      VS.

SERGEANT STEVENS, *et al.*,

                     Defendants

NO. 5:07-CV-136 (HL)

PROCEEDINGS UNDER 42 U.S.C. §1983
BEFORE THE U. S. MAGISTRATE JUDGE

# RECOMMENDATION

Before the court is the defendant WARDEN MEADOWS' Motion to Dismiss the above-styled case, which alleges that the plaintiff has failed to exhaust his administrative remedies as required by the Prison Litigation Reform Act of 1995. Tab #13. Plaintiff TONY JACKSON responded to the defendant's motion (Tab #17) and the undersigned directed plaintiff to supplement his response (Tab #18), which the plaintiff did (Tabs #19 and #20).

As defendant Meadows accurately sets forth in his brief, the exhaustion requirement is a precondition to a prisoner's bringing a suit pursuant to §1983. An inmate must exhaust all administrative remedies available to him before a federal district court can hear his case. ***Jones v. Bock***, 127 S. Ct. 910, 922 (2007).

Attached to the plaintiff's second response to the defendants' motion is a denial of an appealed grievance which is dated May 10, 2006. Tab #20 at 4. Defendant Meadows argues that the facts in the instant case are distinct from those involved in that appeal. The undersigned disagrees. The instant case and plaintiff's denied appeal both deal with an assault in November of 2005.

Accordingly, the undersigned finds that plaintiff has exhausted his administrative remedies and RECOMMENDS that the defendants' Motion to Dismiss be **DENIED**. Pursuant to 28 U.S.C. §636(b)(1), the parties may serve and file written objections to this RECOMMENDATION with the district judge to whom this case is assigned **WITHIN TEN (10) DAYS** after being served with a copy thereof.

SO RECOMMENDED this 23rd day of AUGUST, 2007.



CLAUDE W. HICKS, JR.
UNITED STATES MAGISTRATE JUDGE