IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| TONY JACKSON, <br><br> Plaintiff <br><br> VS. <br><br> SERGEANT STEVENS and <br> WARDEN MEADOWS, <br><br> Defendants | NO. 5: 07-CV-136 (HL) <br><br> **PROCEEDINGS UNDER 42 U.S.C. §1983** <br> **BEFORE THE U. S. MAGISTRATE JUDGE** |

**O R D E R**

On December 19, 2007, a Motion to Dismiss was filed herein on behalf of defendant SERGEANT STEVENS. Tab #27. Thereafter, on January 3, 2008, after considering said motion and plaintiff's response thereto, the undersigned entered a Recommendation to grant the motion. Tab #35. A motion has also been filed on behalf of both defendants WARDEN MEADOWS and SERGEANT STEVENS seeking to strike the Declination to Proceed Before U.S. Magistrate Judge (Tab #30), Response to Sergeant Stevens' Motion to Dismiss (Tab #32), Response to the Brief in Support of Plaintiff's response to Defendants' Motion to Dismiss (Tab #34), and Response in Opposition to Warden Meadows' Answer and Affirmative Defenses (Tab #33). Defendants contend that these pleadings do not contain the signature of plaintiff TONY JACKSON as required but were instead signed by another inmate, Gene Nelson Goodman, a non-attorney.[1]

---

[1] A review of these pleadings indicates that plaintiff Jackson also signed all of them with the exception of the Declination to Proceed Before the U. S. Magistrate Judge (Tab #30). Thus, striking pleadings other than the Declination appears to be inappropriate.

On January 8, 2008, plaintiff JACKSON filed an Objection to the undersigned's Recommendation of January 3, 2008. Tab #38. This prompted the undersigned to make inquiry of counsel for the defendants concerning the representation of defendant SERGEANT STEVENS; on January 14th, the undersigned directed counsel for the defendants to provide information as to whether defendant STEVENS was still in the employ of the Georgia Department of Corrections and whether counsel knew of a current address for defendant STEVENS.[2]

On January 18, 2008, counsel for the defendants filed a response to the undersigned's January 14th Order. Tab #40. Counsel advised that defendant STEVENS was no longer employed by the Georgia Department of Corrections and attached an affidavit from Barbara McKane, Secretary to the Warden of Washington State Prison, stating that defendant STEVENS' last date of employment was May 3, **2006**, and that all mail forwarded to defendant STEVENS' last known address (2306 Highway 15 South, Tennille, Georgia 31089) had been returned and stamped "undeliverable" by the U. S. Postal Service. Ms. McKane averred that she had no additional address for SERGEANT STEVENS.

On January 29, 2008, counsel for SERGEANT STEVENS filed a Motion for Protective Order. Tab #42. On January 30th, the undersigned entered another order (Tab #43) directed to counsel for SERGEANT STEVENS, making the following inquiry:

> *The above-styled proceeding was filed by plaintiff TONY JACKSON on April 12, 2007, almost a year after Sergeant Stevens left her employment. Implicit in the response provided by counsel is the fact that no one has had any contact with Sergeant Stevens since she left her employment. Hence, the question arises: by what authority is counsel proceeding on behalf of Sergeant Stevens? Does her contract of employment with the Department of Corrections authorize legal representation absent any knowledge by a former employee of the filing of a lawsuit against him/her?*

---

[2] Plaintiff has been unable to provide a current address for defendant STEVENS so that service could be made upon her.

Thereafter, on February 4, 2008, counsel for SERGEANT STEVENS filed a response to the court's January 30th inquiry. Tab #44.

Upon careful consideration of the foregoing, the undersigned finds that counsel's representation of defendant SERGEANT STEVENS is not appropriate. It is clear from the record herein that counsel has had no contact whatever with SERGEANT STEVENS and thus lacks any authority to represent her in this proceeding. The undersigned specifically inquired as to whether any contract of employment with the Department of Corrections authorized legal representation "absent any knowledge by a former employee of the filing of a lawsuit against him/her." No such authorization has been made known to this court.

**Accordingly, IT IS ORDERED AND DIRECTED:**

(1) that the Recommendation heretofore entered by the undersigned on January 3, 2008 (Tab #35) be, and it is, hereby **VACATED**.

(2) that **all** pleadings filed herein on behalf of defendant SERGEANT STEVENS shall be struck.[3]

(3) that defendant WARDEN MEADOWS' Motion to Strike (Tab #36) be, and it is, DENIED except insofar as plaintiff's Declination to Proceed Before the U. S. Magistrate Judge (Tab #30) is concerned. That Election shall be struck, and the Clerk shall provide a new Election Form to plaintiff who shall sign said form and file it with the Clerk of Court making his election.

By separate order this day entered, the undersigned has directed that service to be made by the U. S. Marshal upon defendant SERGEANT STEVENS at an address recently found by the court, to-wit, **3225 Sunhill Road, Sandersville, Georgia 31082-7803**. Accordingly, to the extent necessary, the Clerk of Court is directed to provide a service packet to the Marshals Service to effectuate service upon defendant SERGEANT STEVENS.

---

[3]The Motion to Strike (Tab #36) filed on behalf of both defendants WARDEN MEADOWS and SERGEANT STEVENS is struck as to defendant SERGEANT STEVENS only. Any pleadings filed on behalf of both defendant WARDEN MEADOWS and defendant SERGEANT STEVENS shall remain for consideration as to defendant MEADOWS only.

In the meantime, counsel for the defendants may wish to verify this address and cause a Waiver of Service to be filed by defendant SERGEANT STEVENS, provided SERGEANT STEVENS authorizes the same. Counsel will, of course, be permitted to file any responsive pleadings on behalf of defendant SERGEANT STEVENS once proper service has been made upon her.

SO ORDERED AND DIRECTED, this 9th day of APRIL, 2008.



CLAUDE W. HICKS, JR.
UNITED STATES MAGISTRATE JUDGE[4]

---

[4] While the undersigned recognizes that some other courts may prefer to have Motions to Dismiss filed on behalf of former Department of Corrections employees in circumstances similar to those in this case, the concern of the undersigned is based on the possibility that a prison employee might admit to some constitutional violation and not wish to contest it. Under such a circumstance, it would be inappropriate for counsel to submit a contrary position to the court and could possibly submit counsel to sanctions for so doing. In addition, there is always the possibility that one named as a defendant might wish to employ his/her own legal counsel rather than utilize counsel provided by the State of Georgia.