IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| TONY JACKSON,<br><br>                              Plaintiff<br>       VS.<br><br>BRENDA STEVENS and<br>WARDEN TYDUS MEADOWS<br><br>                            Defendants | NO. 5:07-CV-136 (CAR)<br><br>PROCEEDINGS UNDER 42 U.S.C. §1983<br>BEFORE THE U. S. MAGISTRATE JUDGE |

## RECOMMENDATION

Currently before the court are defendant STEVENS' MOTION TO DISMISS (Tab #55) and defendant MEADOWS' MOTION FOR SUMMARY JUDGMENT (Tab #56). The motion seeking dismissal is supported by a brief and an affidavit and the motion seeking summary judgment is supported by a brief, a statement of material facts, affidavits, and several exhibits. Plaintiff has responded to both motions (Tab #59- #61, Tab #66 and Tab #69) and defendants have replied thereto (Tab #67and Tab #68).

### LEGAL STANDARDS

### A. Motions to Dismiss

A complaint is subject to dismissal pursuant to Fed. R. Civ. P. 12(b)(6), if it does not "state a claim upon which relief can be granted." When ruling on a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), all factual allegations in the complaint must be accepted as true, with all reasonable inferences construed in the light most favorable to the plaintiff. *Wagner v. Daewoo Heavy Industries America Corp.*, 289 F.3d 1268, 1270 (11th Cir. 2002), *vacated on other grounds*, 298 F.3d 1228 (11th Cir. 2002); *See also*, *Beck v. Deloitte & Touche*, 144 F. 3d 732, 735 (11th Cir. 1988). Conclusory allegations and unwarranted deductions of fact, however, are not admitted as true. *Cotton v. Massachusetts Mut. Life Ins. Co.*, 402 F.3d 1267, 1278 (11th Cir. 2005). Moreover, "[a] complaint is subject to dismissal under Rule 12(b)(6) when its allegations – on their face – show that an affirmative defense bars recovery on the claim." *Marsh v. Butler County, Alabama*, 268 F. 3d 1014, 1022 (11th Cir. 2001) (*en banc*) (citing *Quiller v. Barclays American/Credit, Inc.*, 727 F. 2d 1067, 1069 (11th Cir. 1984) *vacated on petition for rehearing*, *reinstated by* 764 F. 2d 1400 (11th Cir. 1985)).

## B. Summary Judgment

Rule 56 of the *Federal Rules of Civil Procedure* dealing with motions for summary judgment provides as follows:

> *The motion shall be served at least 10 days before the time fixed for the hearing. The adverse party prior to the day of hearing may serve opposing affidavits. The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. A summary judgment, interlocutory in character, may be rendered on the issue of liability alone although there is a genuine issue as to the amount of damages.*

Summary judgment can only be granted if there are no genuine issues of material fact and if the moving party is entitled to judgment as a matter of law. *Fed.R.Civ.P. 56(c); Warrior Tombigbee Transportation Co. v. M/V Nan Fung*, 695 F.2d 1294, 1296 (11th Cir. 1983). While the evidence and all factual inferences therefrom must be viewed by the court in the light most favorable to the party opposing the motion, the party opposing the granting of the motion for summary judgment cannot rest on his pleadings to present an issue of fact but must make a response to the motion by filing affidavits, depositions, or otherwise in order to persuade the court that there are material facts present in the case which must be presented to a jury for resolution. *See Van T. Junkins & Assoc. v. U.S. Industries, Inc.*, 736 F.2d 656, 658 (11th Cir. 1984).

Specifically, the party seeking summary judgment bears the initial burden to demonstrate to the court the basis for its motion by identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions which it believes show that there is an absence of any genuine issue of material fact. *Hairston v. The Gainesville Sun Publishing Co.*, Slip Opinion No. 92-2485, 1993 U.S. App. LEXIS 33079 (11th Cir.). In determining whether the moving party has met this burden, the court must review the evidence and all factual inferences drawn from this, in the light most favorable to the non-moving party. *Welch v. Celotex Corp.*, 951 F.2d 1235, 1237 (11th Cir. 1992). " If the facts, taken in the light most favorable to the Plaintiff do not establish a constitutional violation, then the public official should be granted summary judgment as a matter of law." *Brown v. Smith*, 813 F.2d 1187, 1188 (11th Cir. 1987).

If the moving party successfully meets this burden, the burden then shifts to the non-moving party to establish by going beyond the pleadings, that there are genuine issues of material fact to be resolved by a fact-finder. *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991). Genuine issues are those as to which the evidence is such that a reasonable jury could find for the non-movant. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202(1986).[1]

### C. Failure To Protect From Danger

Under the law of this circuit, prison officials can be liable for exhibiting deliberate indifference to a known danger. *Brown v. Hughes*, 894 F.2d 1533, 1537 (11th Cir. 1990). However, the known risk of injury must have been a strong likelihood rather than a mere possibility before an official's failure to act can constitute deliberate indifference. *Edwards v. Gilbert*, 867 F.2d 1271, 1276 (11th Cir. 1989). *See also Hudson v. Palmer*, 468 U.S. 517, 104 S.Ct. 3194, 3200, 82 L.Ed.2d 393 (1984).  On the other hand, prison officials are not liable for exhibiting mere negligence. *See Daniels v. Williams*, 474 U.S. 327, 106 S.Ct. 662, 88 L.Ed.2d 662 (1986) and *Davidson v. Cannon*, 474 U.S. 344, 106 S.Ct. 668, 88 L.Ed.2d 677 (1986).

### FACTUAL BACKGROUND

The facts, taken in the light most favorable to the plaintiff, are as follows: On or about November 6, 2005, plaintiff TONY JACKSON, then an inmate at Washington State Prison, was housed in an administrative segregation cell.  On the same date, defendant STEVENS notified the plaintiff that another inmate, Inmate Harvey, would be placed in the cell with him.  Plaintiff JACKSON did not object to this statement by defendant STEVENS.  Soon thereafter, defendant STEVENS, in the presence of plaintiff Jackson and while moving Inmate Harvey to the cell, heard Inmate Harvey say that he would kill whomever was in the cell in which he was placed.  Nevertheless, defendant STEVENS placed Inmate Harvey in the cell with plaintiff JACKSON.  Plaintiff voiced no objection when Inmate Harvey was placed in the cell with him.  As soon as defendant STEVENS took the handcuffs off Inmate Harvey, Harvey physically assaulted plaintiff JACKSON, resulting in an injury to plaintiff JACKSON's left hand.

---

[1] *See Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986) (the purpose of summary judgment is to pierce the pleadings and assess the proof in order to see whether there is a genuine need for trial); *Brown v. City of Clewiston*, 848 F.2d 1534, 1543 (11th Cir. 1988) (the question is whether the record as a whole could lead a rational trier of fact to find for the non-movant).

-3-

### DISCUSSION

In her MOTION TO DISMISS , defendant STEVENS contends, *inter alia,* that the claim against her must be dismissed on the basis that she was served with the action after the relevant period of limitations had expired and that the plaintiff has failed to state a claim.[2]  In support of the first argument, STEVENS cites to Rule 4 of the Federal Rules of Civil Procedure.  This rule, in pertinent part according to defendant STEVENS, requires the court to dismiss, without prejudice, claims against a defendant that has not been served within one-hundred-twenty (120) days after the complaint is filed.  In light of this rule, defendant STEVENS contends that the claim against her should have been dismissed, with prejudice,  before she was ever served with the action.  Moreover, defendant STEVENS notes that during the time period between the court's initial order that she be served and the time when she filed a waiver of service, the period of limitations on the plaintiff's claim expired.  As such, defendant STEVENS contends that the action against her should be dismissed.

The undersigned disagrees with this contention by defendant STEVENS.  The requirement that the court dismiss an action when a defendant is not served within the one-hundred-twenty (120) day time period set forth in Rule 4 is not an absolute mandate.  In fact, before the court can dismiss an action under such circumstances, the court must consider whether the plaintiff has good cause for failing to effect timely service as well as whether, under the facts of the case, a permissive extension of time is warranted. *Lepone-Dempsey v. Carroll County Commissioners*, 476 F.3d 1277 (11th Cir. 2007).  Although the running of the statute of limitations, which would have barred the plaintiff from refiling his claims, does not require that the court extend time for service of process under Rule 4(m), it is incumbent upon the court to at least consider this factor.  Having carefully considered  this, as well as other factors, the court cannot agree with the first argument of defendant STEVENS.

---

[2] Plaintiff's claim arose on November 6, 2005.  Plaintiff filed this action on April 12, 2007. Service upon defendant STEVENS was first ordered on April 18, 2007.  Service upon defendant STEVENS was not perfected until May 16, 2008, more than a year later.

With regard to defendant STEVENS second argument that the plaintiff has failed to state a claim against her, the undersigned again disagrees.  Plaintiff JACKSON has alleged that defendant STEVENS, immediately before placing Inmate Harvey in plaintiff's cell, heard him say that he would kill whomever was in the cell with him.  Despite this clear warning, defendant STEVENS placed Inmate Harvey in plaintiff's cell and a violent assault immediately ensued.  Such allegations, taken as true, are sufficient to state a claim. As such, defendant STEVENS' second argument also fails

Defendant MEADOWS in his MOTION FOR SUMMARY JUDGMENT contends that plaintiff JACKSON has failed to state a constitutional claim against him.  The undersigned agrees.  As noted above, in order to state a claim for failure to protect, an inmate must demonstrate that the defendant prison official was deliberately indifferent to a substantial risk of serious harm to the inmate.  *Farmer v. Brennan*, 511 U.S. 825, 833, 114 S. Ct. 1970 (1994).  In the instant case, there is no evidence that defendant MEADOWS had *any* notice, actual or subjective, that Inmate Harvey posed a substantial risk of serious harm to the plaintiff.  Moreover, plaintiff has failed to demonstrate that defendant MEADOWS personally participated in the alleged deprivation or that there was an affirmative causal connection between defendant MEADOWS' actions and the alleged deprivation.  As such, it appears that defendant MEADOWS is entitled to summary judgment.

Accordingly, IT IS RECOMMENDED that defendant MEADOWS' MOTION FOR SUMMARY JUDGMENT be GRANTED and that defendant STEVENS MOTION TO DISMISS be DENIED.

Pursuant to 28 U.S.C. §636(b)(1), the parties may serve and file written objections to this RECOMMENDATION with the district judge to whom this case is assigned **WITHIN TEN (10) DAYS** after being served with a copy thereof.

SO RECOMMENDED this 30th day of JANUARY, 2009.



        CLAUDE W. HICKS, JR.
        UNITED STATES MAGISTRATE JUDGE