# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | |
|---|---|
| **TONY JACKSON,** : | |
| : | |
| Plaintiff, : | |
| : | |
| v. : | Civil Action No. 5:07-CV-136 (HL) |
| : | |
| **BRENDA STEVENS and** : | |
| Warden **TYDUS MEADOWS,** : | |
| : | |
| Defendants. : | |

## ORDER

This matter is before the Court on the Recommendation of United States Magistrate Judge Claude W. Hicks, Jr., entered January 20, 2009 (Doc. 73). The Magistrate Judge recommends that the Motion to Dismiss of Defendant Brenda Stevens (Doc. 55) be denied and that the Motion for Summary Judgment of Defendant Tydus Meadows (Doc. 56) be granted. Plaintiff, Tony Jackson, and Defendant Stevens have filed written objections to the Recommendation, as permitted by 28 U.S.C. § 636(b)(1). Defendant Meadows has filed a response in opposition to the objection of Plaintiff. After de novo consideration of the portions of the Recommendation to which objection is made, the Court accepts the Recommendation, as discussed below.

Jackson objects to the Recommendation insofar as it recommends granting summary judgment to Meadows. However, as the Magistrate Judge noted, Jackson has failed to demonstrate that Meadows had any notice that the inmate who caused the harm to Jackson posed a substantial risk of harm, or that Meadows participated in the alleged deprivation of Jackson's rights, or that there was an affirmative causal connection between Meadows' actions and the deprivation of Jackson's rights. Jackson's argument suggests that he wishes to hold Meadows liable under a theory of respondeat superior, but because there is no respondeat superior liability under § 1983, such an argument must fail.

Stevens argues that Jackson's claims against her are barred by the statute of limitations. Stevens argument is that between the time Jackson filed his complaint, on April 12, 2007, and the time that service on her was actually accomplished, on May 15, 2008, the statute of limitations on Jackson's cause of action had expired.[1] Stevens further argues that because Jackson failed to serve her within either the limitations period, or the 120-day period specified for service, then his claim against her is barred. That is not the law in this Circuit, however.

Rule 3 of the Federal Rules of Civil Procedure provides that a "civil action is commenced by filing a complaint with the court." Fed. R. Civ. P. 3. The former Firth Circuit, construing Rule 3 in a case arising under federal law, has held that the

---

[1] Jackson alleges that his injuries occurred on November 5, 2005. Thus the statute of limitation as to his claims under 42 U.S.C. § 1983 expired on November 7, 2007.

statute of limitations is tolled by the filing of the complaint, without reference to the plaintiff's diligence in securing service of process following the filing of the complaint. Caldwell v. Martin Marietta Corp., 632 F.2d 1184, 1187-88 (5th Cir. 1980).[2]  As another district court has explained: "Finally, this is an action created by federal law, so the statute of limitations is tolled by the filing of the complaint. The limitations period would remain tolled even if the court had found that plaintiff was dilatory in serving the summons and complaint." United States v. Jack Cozza, Inc., 106 F.R.D. 264, 268 (S.D.N.Y. 1985).  Thus, contrary to Stevens' assertions, the limitations period was tolled on April 12, 2007, when Jackson filed his complaint and Jackson's late service on her, whether dilatory or for good cause, does not alter the tolling effect of his timely filing.

It is clear from review of Stevens' objections that she is unhappy with the orders the Magistrate Judge issued which served to aid Jackson in perfecting service on her.  However, Stevens had the opportunity to challenge the Magistrate Judge's orders relating to service, yet failed to do so.  Rule 72 of the Federal Rules of Civil Procedure allows a party to file objections to a magistrate judge's rulings on nondispositive matters within 10 days of being served with a copy of such rulings, and a district judge may set aside such rulings if clearly erroneous. Fed. R. Civ.

---

[2] The United States Court of Appeals for the Eleventh Circuit has adopted the case law of the former Fifth Circuit handed down as of September 30, 1981, as its governing body of precedent. Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981).  This body of precedent is binding unless and until overruled by the Eleventh Circuit en banc. Id.

P. 72(a). However, where the party fails to raise an objection as provided by Rule 72, a party is foreclosed from later challenging that ruling as error. Fed. R. Civ. P. 72(a).

In this case, the Magistrate Judge issued several orders related to the matter of service of process: an order entered January 14, 2008, directing counsel for Defendants to provide additional information about Stevens; a second order entered January 30, 2008, requesting additional information about Stevens; an order entered April 9, 2008, vacating all pleadings filed on behalf of Stevens; and an order entered April 9, 2008, directing the U.S. Marshal to serve Stevens. None of these orders were the subject of a Rule 72 objection by Stevens. Thus, insofar as Stevens' dissatisfaction with the Magistrate Judge's actions related to her service underlies her objections to the Recommendation, such dissatisfaction carries no weight.

Finally, Stevens argues that Jackson has failed to state a claim upon which relief may be granted because Jackson has "failed to demonstrate that Sergeant Stevens was aware of or that she regarded a risk of harm to Plaintiff." (Obj. at 14.) In this Court's view, Stevens' argument puts too great a burden on Jackson at the initial pleading stage. Jackson alleged in his complaint that Stevens heard the other inmate threaten to kill whoever she put in the cell with him, and that despite this threat, Stevens placed Jackson in the cell. This is sufficient to state a claim.

Courts have recognized that "a prison official's knowledge of a substantial risk of harm may be inferred if the risk was obvious." Easter v. Powell, 467 F.3d 459,

463 (5th Cir. 2006). Here, Jackson's allegation that Stevens heard the other prisoner in the cell say, in no uncertain terms, that he would try to kill any person placed in the cell with him, may be sufficient to allow a jury to infer that Stevens knew of a substantial risk of harm to Jackson. A reasonable juror crediting Jackson's testimony to that effect, might question whether Stevens should have undertaken steps to ascertain whether the inmate did indeed intend to carry through on his threat. Certainly the allegation is sufficient to satisfy the initial pleading requirements for a claim of deliberate indifference.

The question that Stevens raises in arguing for dismissal–whether she actually drew an inference of a substantial risk of harm to Jackson based on the spoken threat–is a question that is more appropriate for determination after the initial pleading stage. The very cases she cites in support of dismissal were, in fact, decided following the presentation of evidence. See Hale v. Tallapoosa County, 50 F.3d 1579 (11th Cir. 1995) (decided at the summary judgment stage); LaMarca v. Turner, 995 F.2d 1526 (11th Cir. 1993) (decided after a bench trial). Stevens has failed to offer anything that persuades the Court that the Magistrate Judge erred in concluding that Jackson's allegations are sufficient to withstand dismissal.

After review of the objections, the Court finds no error in the Recommendation. Accordingly, the Court accepts the Recommendation made by the Magistrate Judge. Defendant Stevens' Motion to Dismiss is denied; Defendant Meadows' Motion for Summary Judgment is granted. Steven' Motion to Dismiss having been denied, she

is directed to file an appropriate responsive pleading within 10 days after notice of this Order, as required by Federal Rule of Civil Procedure 12(a)(4)(A). The Magistrate Judge having granted Stevens' Motion to Stay contingent upon a ruling on the Motion to Dismiss, and that Motion having now been ruled upon, the stay of discovery is hereby lifted. This case is hereby recommitted to the Magistrate Judge for determination of the most recent motion to stay (Doc. 72) filed on behalf of Defendant and for such other proceedings as may be appropriate.

**SO ORDERED**, this the 16th day of March, 2009.

*s/ Hugh Lawson*
**HUGH LAWSON, SENIOR JUDGE**

mls