IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| TONY JACKSON,<br><br>      Plaintiff<br>  VS.<br><br>SGT. BRENDA STEVENS,<br><br>      Defendant | **NO.  5:07-CV-136 (CAR)**<br><br>PROCEEDINGS UNDER 42 U.S.C. §1983<br>BEFORE THE U. S. MAGISTRATE JUDGE |

## RECOMMENDATION

Before the court is defendant SERGEANT BRENDA STEVENS' MOTION FOR SUMMARY JUDGMENT. Tab #92. The motion is supported by a brief, a statement of material facts, affidavits, and several exhibits. Plaintiff TONY JACKSON has responded to the motion (Tabs #95, #96, and #98), and the defendant has replied thereto (Tab #97).

### LEGAL STANDARDS

SUMMARY JUDGMENT

Rule 56 of the *Federal Rules of Civil Procedure* dealing with motions for summary judgment provides as follows:

> *(a) By a Claiming Party. A party claiming relief may move, with or without supporting affidavits, for summary judgment on all or part of the claim.*
>
> *(b) By a Defending Party. A party against whom relief is sought may move, with or without supporting affidavits, for summary judgment on all or part of the claim.*
>
> *(c) Time for a Motion, Response, and Reply; Proceedings.*
>
> > *(1) These times apply unless a different time is set by local rule or the court orders otherwise:*
> >
> > > *(A) a party may move for summary judgment at any time until 30 days after the close of all discovery;*
> > >
> > > *(B) a party opposing the motion must file a response within 21 days after the motion is served or a responsive pleading is due, whichever is later; and*
> > >
> > > *(C) the movant may file a reply within 14 days after the response is served.*

> *(2) The judgment sought should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law.*

Summary judgment can only be granted if there are no genuine issues of material fact and if the moving party is entitled to judgment as a matter of law. *Fed.R.Civ.P. 56(c); Warrior Tombigbee Transportation Co. v. M/V Nan Fung*, 695 F.2d 1294, 1296 (11th Cir. 1983). While the evidence and all factual inferences therefrom must be viewed by the court in the light most favorable to the party opposing the motion, the party opposing the granting of the motion for summary judgment cannot rest on his pleadings to present an issue of fact but must make a response to the motion by filing affidavits, depositions, or otherwise in order to persuade the court that there are material facts present in the case which must be presented to a jury for resolution. *See Van T. Junkins & Assoc. v. U.S. Industries, Inc.*, 736 F.2d 656, 658 (11th Cir. 1984).

Specifically, the party seeking summary judgment bears the initial burden to demonstrate to the court the basis for its motion by identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions which it believes show that there is an absence of any genuine issue of material fact. *Hairston v. The Gainesville Sun Publishing Co.*, Slip Opinion No. 92-2485, 1993 U.S. App. LEXIS 33079 (11th Cir.). In determining whether the moving party has met this burden, the court must review the evidence and all factual inferences drawn from this, in the light most favorable to the non-moving party. *Welch v. Celotex Corp.*, 951 F.2d 1235, 1237 (11th Cir. 1992). "If the facts, taken in the light most favorable to the Plaintiff do not establish a constitutional violation, then the public official should be granted summary judgment as a matter of law." *Brown v. Smith*, 813 F.2d 1187, 1188 (11th Cir. 1987).

If the moving party successfully meets this burden, the burden then shifts to the non-moving party to establish by going beyond the pleadings, that there are genuine issues of material fact to be resolved by a fact-finder. *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991). Genuine issues are those as to which the evidence is such that a reasonable jury could find for the non-movant. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202(1986).[1]

FAILURE TO PROTECT FROM DANGER

Under the law of this circuit, prison officials can be liable for exhibiting deliberate indifference to a known danger. *Brown v. Hughes*, 894 F.2d 1533, 1537 (11th Cir. 1990). However, the known risk of injury must have been a strong likelihood, rather than a mere possibility, before an official's failure to act can constitute deliberate indifference. *Edwards v. Gilbert*, 867 F.2d 1271, 1276 (11th Cir. 1989); *See also Hudson v. Palmer*, 468 U.S. 517, 104 S.Ct. 3194, 3200, 82 L.Ed.2d 393 (1984). On the other hand, prison officials are not liable for exhibiting mere negligence. *See Daniels v. Williams*, 474 U.S. 327, 106 S.Ct. 662, 88 L.Ed.2d 662 (1986) ; *Davidson v. Cannon*, 474 U.S. 344, 106 S.Ct. 668, 88 L.Ed.2d 677 (1986).

**FACTUAL BACKGROUND**

The facts, taken in the light most favorable to the plaintiff Jackson, are as follows: In November of 2005, plaintiff, then an inmate of Washington State Prison, was housed in an administrative segregation cell. On or about November 6, 2005, defendant Stevens notified the plaintiff that he was being moved to another cell with an inmate named Harvey. Plaintiff did not object. Soon thereafter, Jackson packed up his belongings and carried them outside the cell. Jackson was then escorted by defendant Stevens and an unnamed CERT team officer to inmate Harvey's cell. When the group arrived at the cell, inmate Harvey began to question what was happening. Plaintiff Jackson explained that he was being moved into the cell. Inmate Harvey responded by announcing "No, you're not. I don't want anybody here with me. I told the woman ain't nobody coming in here with me. If you come in here, I'm going to try to kill you. I want to be by myself."

---

[1] *See Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986) (the purpose of summary judgment is to pierce the pleadings and assess the proof in order to see whether there is a genuine need for trial); *Brown v. City of Clewiston*, 848 F.2d 1534, 1543 (11th Cir. 1988) (the question is whether the record as a whole could lead a rational trier of fact to find for the non-movant).

At this point, plaintiff Jackson returned to his former cell and sat down on the side of the bed. He then heard defendant Stevens, in an apparent response to his threats, chastise inmate Harvey by telling him, *inter alia*, that he was going to have a roommate, that he didn't run things around here, and that he was to shut his mouth and act like he had some sense.  Moments later, Stevens escorted inmate Harvey into the cell containing plaintiff Jackson.  The defendant then removed handcuffs from Harvey, exited the cell, secured the door, and walked away.  Harvey then turned, struck Jackson in the face, and an altercation ensued leaving Jackson with allegedly permanent injuries.  No more than two minutes later, defendant Stevens, accompanied by a CERT team member, returned to the cell, restrained and removed inmate Harvey, and made arrangements for plaintiff Jackson to be seen by medical.

## DISCUSSION

Defendant Stevens, in her **MOTION FOR SUMMARY JUDGMENT**, essentially contends that plaintiff failed to state a constitutional claim against her.  The undersigned disagrees.  As noted above, in order to state a claim for failure to protect, an inmate must demonstrate that the defendant prison official was deliberately indifferent to a substantial risk of serious harm to the inmate.  *Farmer v. Brennan*, 511 U.S. 825, 833, 114 S. Ct. 1970 (1994).

Despite the defendant's arguments to the contrary, plaintiff Jackson's allegation that Stevens heard inmate Harvey say, in no uncertain terms, that he would try to kill any person placed in the cell with him, coupled with her subsequent decision to place the two in a cell together, is sufficient to establish a constitutional claim.  Accordingly, **IT IS RECOMMENDED** that defendant Stevens' MOTION FOR SUMMARY JUDGMENT be **DENIED**.

Pursuant to 28 U.S.C. §636(b)(1), the parties may serve and file written objections to this RECOMMENDATION with the district judge to whom this case is assigned **WITHIN FOURTEEN (14) DAYS** after being served with a copy thereof.

**SO RECOMMENDED** this 19th day of JANUARY, 2010.



CLAUDE W. HICKS, JR.
UNITED STATES MAGISTRATE JUDGE