IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| TONY JACKSON, | : | |
| Plaintiff, | : | |
| v. | : | Civil Action No. 5:07-CV-136 (HL) |
| BRENDA STEVENS, | : | |
| Defendant. | : | |

# ORDER

Currently pending before the Court is the Recommendation of United States Magistrate Judge Claude W. Hicks Jr., entered on January 19, 2010 (Doc. 100), in which he recommends that the Motion for Summary Judgment (Doc. 92) filed by Defendant, Brenda Stevens, be denied. Defendant has filed an objection to the Recommendation (Doc. 106). After *de novo* consideration of the portions of the Recommendation to which objection is made, the Court accepts the Recommendation and denies the Motion for Summary Judgment.

**A.     Subjective Knowledge of a Risk of Serious Harm**

"A prison official's deliberate indifference to a known, substantial risk of serious harm to an inmate violates the Eighth Amendment. An Eighth Amendment violation will occur when a substantial risk of serious harm, of which the official is subjectively aware, exists and the official does not 'respond[ ] reasonably to the risk.'" Marsh v. Butler County, Ala., 268 F.3d 1014, 1028 (11th Cir. 2001) (en banc)

(*quoting* Farmer v. Brennan, 511 U.S. 825, 844, 114 S.Ct. 1970, 1982-83 (1994)) (internal citation omitted). To survive summary judgment, a plaintiff must "produce sufficient evidence of (1) a substantial risk of serious harm; (2) the defendants' deliberate indifference to that risk; and (3) causation." Hale v. Tallapoosa County, 50 F.3d 1579, 1582 (11th Cir. 1995).[1] To be deliberately indifferent, a prison official "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Farmer, 511 U.S. at 837, 114 S.Ct. at 1979.

In her objection, Defendant first argues that Plaintiff has not established that she had subjective knowledge of a risk of serious harm to Plaintiff from Inmate Harvey. Defendant contends that the "generalized" threat made by Inmate Harvey does not suggest an obvious risk of harm. She also argues that there is no evidence that she had been exposed to any knowledge about Harvey to suggest that she should have known Harvey would act on his statements or that would be sufficient to permit a trier of fact to find that she had actual knowledge of the risk.

According to Plaintiff, when he informed Harvey that he was moving into Harvey's cell, Harvey replied, "No, you're not. I don't want nobody here with me. I told the woman ain't nobody coming in here with me. If you come in here, I'm going

---

[1] Defendant does not dispute the causation element of Plaintiff's claim. A reasonable jury could find that Defendant caused the alleged constitutional violation. The presence of the requisite causation in a case brought under 42 U.S.C. § 1983 is normally a question of fact for the jury. *See* Rivas v. City of Passaic, 365 F.3d 181, 193 (3d Cir. 2004).

to try to kill you. I want to be by myself." (Doc. 92-3, p. 7). Defendant heard Harvey make this threat, and scolded him afterwards, telling him to "[s]hut your damn mouth. You don't run anything around here. You don't have the authority to tell somebody who come in and come out. You know, who stay in this cell," and "You don't run nothing. You going to have a roommate." (Doc. 92-3, p. 11). Plaintiff returned to his cell, and about three or four minutes later, Defendant returned with Harvey. Defendant then told Harvey that since he did not want anyone in his cell with him, she was putting him in Plaintiff's cell. She then said, "I'm quite sure Jackson's not going to bother you, and you're not going to bother Jackson." (Doc. 92-3, p. 7). Harvey replied, "I told you we ain't going to be able to live together. I'm going to try to fuck you up." (Doc. 92-3, p. 7).

Defendant relies on Carter v. Galloway, 352 F.3d 1346 (11th Cir. 2003), to support her argument that Harvey's threatening language was not sufficient to put her on notice of a substantial risk of harm. In Carter, the plaintiff, who was shanked by his cellmate, alleged that prison officials had been deliberately indifferent to a substantial risk of serious harm. The Eleventh Circuit affirmed the district court's grant of summary judgment to the defendants, finding that the complaints the plaintiff made to the defendants were too vague to show that the defendants had "actual knowledge" of a substantial risk of serious harm. Id. at 1350. The specific complaints made by the Carter plaintiff were that the attacker paced his cell like a wild animal, wanted to fake a hanging in order to secure a transfer, and told the plaintiff that he

3

would help the attacker carry out the fake hanging "one way or another." Id. at 1349. The appellate court expressly relied upon on the facts that the plaintiff never told prison officials that he "feared" the attacker, never told them that he had been "clearly threatened," and never asked to be placed in "protective custody" in finding that the plaintiff failed to establish that the defendants had a subjective awareness of a substantial risk to the plaintiff. Id. at 1349-50.

Carter can clearly be distinguished on its facts. Here, Defendant was standing at Harvey's cell with Plaintiff, and later in Plaintiff's cell with Harvey, and she heard Harvey specifically say that he would try to kill or harm Plaintiff and not to put them in a cell together. This was not an issue of an inmate's general problematic nature or of vague or general statements. A reasonable juror could find that Defendant actually knew that Plaintiff faced a substantial risk of serious harm from Inmate Harvey.

**B.    Disregard of Serious Risk of Harm**

Defendant next argues that even if she had subjective knowledge of a serious risk of harm, the evidence does not support a finding that she disregarded the risk. She states that "to the extent that she may have identified some risk by Harvey's statements, she responded by admonishing him and attempting to control Harvey before placing him in the cell with Jackson. Stevens did not leave the vicinity after placing Harvey in the cell and immediately upon discerning that Harvey was going

4

to assault Jackson, returned to the cell to have Harvey restrained and moved." (Doc. 106, p. 9) (citations omitted).

This statement does not accurately summarize the evidence in this case. Plaintiff's testimony clearly states that Harvey assaulted him before Defendant returned to the cell. Nothing supports Defendant's allegation that she "discerned" that Harvey "was going to assault" Plaintiff, and returned to the cell. Further, assuming Defendant did not leave the area after placing Harvey in Plaintiff's cell, she certainly has not presented any evidence to support her assertion that she "stay[ed] in the vicinity to immediately respond at the sign of actual trouble." (Doc. 106).

"[P]rison officials who act reasonably cannot be found liable under the Cruel and Unusual Punishments Clause." Farmer, 511 U.S. at 845, 114 S.Ct. at 1983. A prison official violates the Eighth Amendment if he responds to a known risk "in an objectively unreasonable manner." Cottone v. Jenne, 326 F.3d 1352, 1358 (11th Cir. 2003). A prison official responds to a known risk in an objectively unreasonable manner if "he knew of ways to reduce the harm but knowingly declined to act" or if "he knew of ways to reduce the harm but recklessly declined to act." Hale, 50 F.3d at 1583.

It is clear that whether Defendant's response to Harvey's threats was reasonable is a question for the jury. On one hand, there is a question of whether admonishing and attempting to control Harvey before placing him in the cell with Plaintiff was a reasonable response by Defendant. On the other hand, there is a

5

question of whether moving Harvey into Plaintiff's cell minutes after Harvey directly threatened to try to kill Plaintiff if they were put in a cell together was a reasonable response by Defendant. Deciding which of these was a reasonable response is for the jury.

**C.   Negligence**

Defendant next argues that the Magistrate Judge erred because he did not consider the argument that Plaintiff has conceded that the conduct attributed to Defendant was merely negligent. The Court overrules this objection. Whether the facts presented in this case establish deliberate indifference or a lesser form of culpability is a question for the jury.

**D.   Qualified Immunity**

Finally, Defendant argues that the Magistrate Judge erred because he did not address her qualified immunity argument. Qualified immunity shields governmental defendants sued in their individual capacities so long as their conduct "does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Vinyard v. Wilson, 311 F.3d 1340, 1346 (11th Cir. 2002) (quotation omitted). "The purpose of this immunity is to allow government officials to carry out their discretionary duties without the fear of personal liability or harassing litigation." Lee v. Ferraro, 284 F.3d 1188, 1194 (11th Cir. 2002).

The Court must apply a two-step analysis to determine whether or not the defendant is entitled to qualified immunity. The first inquiry is when "[t]aken in the

6

light most favorable to the party asserting the injury, do the facts alleged show the officer's conduct violated a constitutional right?" Saucier v. Katz, 533 U.S. 194, 201, 121 S.Ct. 2151, 2156 (2001). "If a constitutional right would have been violated under the *plaintiff's* version of the facts, the court must then determine 'whether the right was clearly established'" at the time of the alleged violation. Lee, 284 F.3d at 1194 (quoting Saucier, 533 U.S. at 201, 121 S.Ct. at 2156).[2] "[T]he relevant, dispositive inquiry in determining whether a right is clearly established is whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted." Saucier, 533 U.S. at 202, 121 S.Ct. 2156.

Under his version of the facts, Plaintiff has alleged a constitutional violation. The Court must now consider whether the law was clearly established. Defendant argues that the law was not clearly established and constitutional liability cannot be imposed based upon some generalized duty to protect.

According to Plaintiff, Harvey directly threatened him while Defendant was listening. Defendant scolded Harvey, but nevertheless moved him to Plaintiff's cell. There, she again heard Harvey make a direct threat against Plaintiff. Notwithstanding those threats, Defendant had Plaintiff turn his back so she could take off his handcuffs, and when Plaintiff turned back around after Defendant closed the cell door, Harvey immediately hit Plaintiff.

---

[2] The Court recognizes that it is no longer required to consider these prongs in the order set out in Saucier. *See* Pearson v. Callahan, --- U.S. - - -, 129 S.Ct. 808 (2009).

"[T]he eighth amendment's proscription against cruel and unusual punishment imposes a duty to provide reasonable protection" when a prison official becomes "aware of a threat to an inmate's health and safety." Brown v. Hughes, 894 F.2d 1533, 1537 (11th Cir. 1990). When prison officials are "deliberately indifferent to a known danger . . . their failure to intervene offend[s] 'evolving standards of decency' [and] ris[es] to the level of a constitutional tort." Id. (citing Estelle v. Gamble, 429 U.S. 97, 105-06, 97 S.Ct. 285, 291-92 (1976)).

Under Plaintiff's version of the facts, Defendant refused to respond to protect Plaintiff's safety despite subjective knowledge of the threats made by Harvey. Instead, she put Harvey and Plaintiff in the same cell. The Eighth Amendment right of prisoners to be free of deliberate indifference by prison officials resulting in harm was clearly established at the time of the events in this case. *See* Hudson v. McMillian, 503 U.S. 1, 8, 112 S.Ct. 995, 999-1000 (1992). In light of this precedent, Defendant was on notice that failing to respond to a known threat to Plaintiff's safety was unlawful. While Defendant argues that there is no specific precedent establishing that her conduct would violate Plaintiff's rights, "there need not be a case 'on all fours,' with materially identical facts, before we will allow suits against them." Holloman *ex rel.* Holloman v. Harland, 370 F.3d 1252, 1277 (11th Cir. 2004). Defendant is not entitled to qualified immunity on Plaintiff's claim.

**E.     Conclusion**

The Recommendation (Doc. 100) is adopted and made the order of this Court. Defendant's objection is overruled. Defendant's Motion for Summary Judgment (Doc. 92) is denied. Plaintiff's Motion to Withdraw Document (Doc. 104) is granted.

**SO ORDERED**, this the 11th day of February, 2010.

*s/ Hugh Lawson*

**HUGH LAWSON, SENIOR JUDGE**

mbh