# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

TONY JACKSON, :
:
    Plaintiff, :
:
v. : Civil Action No. 5:07-CV-136 (HL)
:
BRENDA STEVENS, :
:
    Defendant. :
_____

## ORDER

Before the Court is Plaintiff's Motion to Appoint Counsel (Doc. 115).

Plaintiff's case brought pursuant to 42 U.S.C. §1983 is scheduled for trial on July 12, 2010. Plaintiff is proceeding pro se.

On April 30, 2007, Plaintiff filed a motion to appoint counsel (Doc. 8). The motion was denied by United States Magistrate Judge Claude W. Hicks Jr. as being premature (Doc. 10). On January 2, 2008, Plaintiff again moved the Court to appoint counsel (Doc. 31). Judge Hicks denied that motion in an order filed on January 3, 2008 (Doc. 37). Plaintiff has moved again for the appointment of counsel.

There is no absolute Constitutional entitlement to appointed counsel in prisoner civil rights actions. Kilgo v. Ricks, 983 F.2d 189, 193 (11th Cir. 1993). Rather, court appointed counsel in civil cases is warranted only in "exceptional circumstances." Steele v. Shah, 87 F.3d 1266, 1271 (11th Cir. 1996). To determine whether a case is exceptional, the key inquiry is "whether the pro se litigant needs

help in presenting the essential merits of his or her position to the court. Where the facts and issues are simple, he or she usually will not need such help." Kilgo, 983 F.2d at 193. In other words, "[t]he existence of [exceptional] circumstances will turn on the quality of two basic factors–the type and complexity of the case, and the abilities of the individual bringing it." Williams v. Grant, 639 F. Supp. 2d 1377, 1378 (S.D. Ga. 2009) (citation omitted).

Plaintiff has presented no exceptional circumstances in this case. The allegations are straightforward. Plaintiff alleges that Defendant was deliberately indifferent to a substantial risk of serious harm, and that her indifference resulted in Plaintiff being attacked by another inmate. As a result, Plaintiff claims that he has suffered permanent injury to his left hand. If Plaintiff's situation constituted an exceptional circumstance, nearly all pro se litigants could satisfy the high burden that warrants the appointment of counsel.

The Motion to Appoint Counsel (Doc. 115) is denied.

**SO ORDERED**, this the 1st day of July, 2010.

        *s/ Hugh Lawson*
        **HUGH LAWSON, SENIOR JUDGE**

mbh